## WILLIAM E. BOWEN *vs.* HENRY L. JOHNSON.

An appeal bond filed in due time was executed in the principal's name by his attorney of record without special authority from the principal. Subsequently, but after the time for an appeal had elapsed, the principal, under seal, ratified the act of the attorney.
*Held*, that the bond was voidable, not void, and was validated by the ratification.

EXCEPTIONS to the Court of Common Pleas.

*July* 16, 1892. MATTESON, C. J. The plaintiff obtained a judgment against the defendant in the District Court of the Seventh Judicial District. Thereupon the defendant's attorney, within the time prescribed by statute, filed an appeal bond, executed by himself in the name of the defendant, and paid the plaintiff's costs. Subsequently he filed the defendant's reasons of appeal at the next term of the Court of Common Pleas. Before the beginning of the term, the defendant also filed in the Court of Common Pleas a power of attorney, under seal, bearing date prior to the date of the appeal bond, authorizing his attorney to execute an appeal bond and do all things necessary to perfect an appeal, and ratifying all that had been done in the premises, but this power was not in fact executed until after the time prescribed by statute for taking an appeal had elapsed. The plaintiff, on this state of facts, moved the Court of Common Pleas to dismiss the appeal because the attorney had no authority under seal to execute the bond, and the power of attorney ratifying its execution was not given until after the time for taking the appeal had expired. The court granted the motion, and the defendant excepted.

In *Murray & Allen* v. *Peckam*, 15 R. I. 297, it was held that an attorney, under a general authority to prosecute and defend suits for his client, has no authority to execute an appeal bond in his client's name, the rule being that power to execute a sealed instru-

ment must itself be under seal. The plaintiff contends that the appeal bond was, therefore, void when it was filed, and that, as the power of attorney ratifying it, though dated before, was not in fact executed until long after the time for taking an appeal had passed, his judgment was not vacated thereby, and his right to the judgment became vested at the expiration of the period limited for taking an appeal. The argument is plausible, but we do not think it can be sustained. It rests upon the assumption that the bond, when filed, was not merely voidable, but absolutely void. We think that this is a mistake. The question was before the Supreme Judicial Court of New Hampshire in *Haydock* v. *Duncan*, 40 N. H. 45, cited by the defendant, in which it was held that such a bond was not void, but at most voidable; that the appellant might confirm and ratify it, and would then be estopped to deny that it was legally executed at its date, and valid and binding upon him from the beginning; that the adverse party might not object to it, or might admit the authority; and that, if the appeal should be prosecuted, the court would not permit the appellant or his sureties afterward to deny the authority of the attorney to execute it, and therefore if, before objection was made, the bond should be ratified, the objection would be avoided, since the bond would then be sufficient.

That such a bond is not void, but only voidable, was evidently the view taken by this court in *Clarke & Wife* v. *Mayor and Aldermen of Newport*, 5 R. I. 333, in which the appeal bond was defective in the same respect as the present, and in which the court held that a motion to dismiss the appeal on the ground of defects in the appeal bond came too late when made in the Appellate Court after the appeal had been entered and twice continued. Had the bond been absolutely void, instead of merely voidable, there would have been no appeal, and the Appellate Court would have had no jurisdiction over the proceeding.

Our attention has been called to the language of the court in *Andrews* v. *Beane*, 15 R. I. 451. It is true the court in that case speaks of a bond, executed as the present is, as void and as a nullity, and assumes in argument that an appeal, when such a bond has been filed, is fatally defective. These expressions are to be taken, however, in the connection in which they are used. The question before the court was the constitutionality of a statute, the

purpose of which was to validate, without the consent of the obligors, appeal bonds in appeals from judgments of justice courts theretofore signed by the attorney or agent of a party appellant for such appellant, the court assuming that the bonds intended to be validated by the statute included such a bond as the one then in suit, which was executed in the same manner as the one now under consideration. There was no question before the court as to whether a bond so executed could or could not be ratified by the client or principal of the attorney or agent, or as to what the effect of such ratification would be if made. The court was speaking of a bond not ratified, and which the statute was intended to validate, independently of the sanction of the obligor named therein. Such a bond the court might well say was void or a nullity, in the sense that it was not valid or binding on the obligor, without intending thereby that it was void or a nullity in the sense that it was incapable of ratification.

*Exception sustained, and case remitted to the Court of Common Pleas for a new trial.*

*Adoniram J. Cushing*, for plaintiff.

*Nathan W. Littlefield & Walter R. Stiness*, for defendant.